IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLA TABARES,

        Plaintiff,

vs.	Case No. 06-4140-SAC

THE GATES CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

    This FMLA case comes before the court on cross motions for summary judgment. Plaintiff contends that defendant violated the FMLA by retaliating against her and interfering with her FMLA rights, and also retaliated against her for her filing of a workers' compensation claim. Defendant contends that plaintiff was terminated for abusing FMLA leave and being dishonest.

    The court finds it unnecessary to summarize the facts and law applicable to plaintiff's claims. Having carefully reviewed the record, the court finds that the record supporting plaintiff's assertions of pretext is not compelling or conclusive, but is sufficient to raise a material question of fact regarding the defendant's honest belief that the plaintiff misused her disability leave or that the plaintiff had been dishonest in seeking it. *See Medley v. Polk Co.*, 260 F.3d 1202, 1203,1208 (10th Cir. 2001) (reversing case for failure to instruct the jury that "an employer who honestly believes that it is discharging an employee for misusing FMLA is not liable even if the employer is mistaken."); *Pastran v. K-Mart Corp.,* 210 F.3d 1201,1206-07 (10th Cir. 2000); *Heslet*

*v. Westar Energy, Inc.*, 174 Fed.Appx. 434, 436-437, 2006 WL 864872, 2 (10th Cir. 2006).

This finding precludes summary judgment in favor of either party on both of the retaliation claims, which turn on the question of the defendant's intent, as well as on the FMLA interference claim.[1] *See Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 681 (7th Cir.1997) (finding defendant's honest suspicion that the plaintiff was not using her medical leave for its intended purpose enough to defeat the employee's substantive rights FMLA claim); *Crouch v. Whirlpool Corp.*, 447 F.3d 984, 986 (7th Cir. 2006) (finding the FMLA return-to-work provision applies... only to employees on leave from work "for the intended purpose of the leave," 29 U.S.C. § 2614(a)(1); an employer is under no obligation to reinstate an employee who misuses disability leave).

Defendant additionally asserts that it is independently entitled to summary judgment because the plaintiff was not able to return to her customary occupation and was not entitled to permanent light duty so would have been terminated anyway. Plaintiff asserts that she was in fact able to work.

The court finds that the record is not sufficiently specific to support either party's claim, as it does not contain a job description or a listing of what plaintiff's essential functions were. A task list compiled in August of 2005[2] shows that at that time, the

---

[1] The pretrial order purports to contain a separate FMLA claim for "failure to restore." In light of the Tenth Circuit's finding that two causes of action exist under the FMLA, *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006), namely, retaliation and interference, the court will construe this claim as an alternate theory of recovery for plaintiff's claim of FMLA interference.

[2] Plaintiff's depo. Exh. 16.

plaintiff stated that she could not meet the physical demands of nine out of ten tasks associated with her job with the defendant, but the record does not reveal what plaintiff's essential functions or duties of her customary occupation were at the time of her termination. As of February of 2005, Dr. Lintecum had certified to the Kansas Department of Labor that he did not believe the plaintiff could return to her customary occupation, and in August of 2005, Dr. Delgdo, a consultant, said the same. Although Dr. Lintecum had indicated that the plaintiff had reached maximum medical improvement on June 24, 2004 and on December 2, 2004, the defendant did not seek to reinstate the plaintiff to her customary occupation at those times. Defendant asserts that "ultimately," or "eventually"[3] the plaintiff would have been terminated for her inability to perform the essential functions of her job, but defendant fails to show that plaintiff would have been terminated on December 14th for that reason. Although plaintiff's damages may be next to none, the court cannot say on the basis of this record that they are precluded. Summary judgment on this claim shall thus be denied.

In her brief, plaintiff alleges an independent violation of 29 CFR § 825.307, contending that defendant requested additional information directly from her physician, Dr. Parham, instead of first obtaining plaintiff's consent to do so, or having its health care representative contact him. Dk 74, p. 48. No such claim is included in the pretrial order, however, so its merits will not be considered here.

Defendant asks the court to preclude plaintiff's recovery of damages for emotional distress, claiming that such claims are barred by plaintiff's previous recovery

---

[3]Carvalho declaration para.13; Dk. 87, p. 51;

of damages for emotional distress in her workers' compensation settlement. In her worker's compensation suit, plaintiff testified that she suffered emotional distress including pre-termination anxiety and post-termination depression, presented an expert report regarding her psychological problems, and subsequently entered into a settlement she admits was intended to be a full and final release of all claims and issues. *See* Tabares depo. Exh. 5.

The Kansas Workers' Compensation Act is the exclusive remedy for emotional injuries directly traceable to the plaintiff's physical injuries. *Beam v. Concord Hospitality Inc.*, 873 F.Supp. 491 (D.Kan.1994). But emotional damages not flowing directly from one's physical injury are not precluded by the exclusive remedy of the KWCA. *Oleson v. KMart Corp.*, 1996 WL 772604, 9 (D.Kan.1996). Defendant has not shown the court that the plaintiff's workers' compensation settlement agreement included matters beyond the scope of a typical workers' compensation claim, as necessary to bar her present claim for emotional distress. The record shows only that the plaintiff released "any rights or benefits that [the plaintiff] may have obtained if this matter had proceeded to a full and final hearing before the Division of Workers Compensation." Tabares depo. Exh. 4. A claim for emotional damages is proper in Kansas public policy retaliation cases, *see Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1300 (10th Cir.1998), although such damages are not recoverable under the FMLA, *see Walker v. United Parcel Service*, 240 F.3d 1268, 1278 (10th Cir. 2001). Had plaintiff's workers compensation matter proceeded to a full and final hearing, plaintiff could have received damages for proven emotional injuries directly traceable to her physical injuries, thus any such claim is precluded in this case

by virtue of the terms of plaintiff's settlement agreement. Accordingly, in the event plaintiff's claim for workers' compensation retaliation is submitted to the jury, the plaintiff may be permitted to claim proven emotional damages flowing from her termination, but not those caused by her physical injuries.

The court notes one other matter in an attempt to preclude confusion in the event this case goes to trial. Defendant believes that plaintiff has supplemented or contradicted her deposition by statements made in her more recent affidavit. The court found no need to determine whether plaintiff's affidavit was a sham for purposes of resolving this motion, but will not hesitate to permit defendant great latitude in its efforts to impeach the plaintiff at trial by inquiring into any contrast between plaintiff's statements made in her deposition and those made in her affidavit.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

Dated this 21st day of January, 2009.

                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge